# U. S FEDERAL COURTS
## Abstract Advance Opinions

## U. S. COURT OF APPEALS
### No. 703
### IRETON v. LINCOLN NAT. BANK
U. S. Appeals, Sixth Circuit

No. 4041. Decided July 2, 1924

127. BANKRUPTCY—1. Giving demand notes for amount of acceptances held not to show passing of title thereto.

2. Holder of notes may prove full amount against both maker and indorser.

HICKENLOOPER, D. J.
#### Epitomized Opinion

Prior to the bankruptcy of Ireton, he discounted with the claimant, the Lincoln National Bank, certain trade acceptances aggregating $31,884.64. These were drawn by the bankrupt on the Harrison Shoe Co. and the Kimball Bros. Co, retail shoe merchants in Chicago, for goods sold to said companies by the bankrupt. Such drafts were only accepted by the drawees, were endorsed by the bankrupt, and discounted in the usual course of business, by the bank. The avails of such discounts were credited to the account of the bankrupt and items charged to "foreign bills discounted." Likewise, prior to the bankruptcy of the Manss-Owens Co., all of these trade acceptances were presented to the acceptors, were dishonored and protested for non-payment and shortly thereafter each of the acceptors went into bankruptcy, or insolvency liquidation, under state laws.

Claims were proved by the bank in these proceedings to administer the estates of such acceptors, notwithstanding the fact of such dishonoring of the trade acceptances, and that their protesting bank demanded and took demand notes in place of these trade acceptances. The trade acceptanres were attached to the demand notes as collateral. At no time did the bank surrender possession of the acceptances, nor was any change made in the account of the bankrupt. The bank filed a claim with the trustee. The District Court allowed this claim, whereupon the trustee appealed. In affirming the judgment below, the Court of Appeals held:

1. Where bankrupt discounted trade acceptances with bank, and, on dishonor, gave demand notes covering amount of each trade acceptance, declaration in notes that trade acceptances were held as collateral held not to show passing of title thereto from bank to bankrupt, and accepting, in place of such title, of a lien thereon, as against inference

that bank did not intend to part with absolute title to notes.

2. Where maker and indorser of notes or acceptor and indorser of a bill of exchange, are both bankrupt, holder may prove in each bankruptcy proceeding full amount due thereon, and may receive dividends, subject only to limitation that he shall not receive more than full amount of claim due him.

### No. 704
### AMERICAN RY. EXP. CO. v. ISLAND & GYPSUM FRUIT CO.
U. S. Appeals, Sixth Circuit

No. 4008. Decided June 13, 1924

209. CARRIERS—1. Consignor held entitled to maintain action for damage to shipment on refusal of consignee to accept goods.

2. Instruction that car load of fruit, if express matter, is required to be carried in express service time, held approved.

TUTTLE, D. J.
#### Epitomized Opinion

This was an action by the Island & Gypsum Fruit Co. against the American Ry. Exp. Co. to recover damages for unreasonable delay in shipping of certain fruit. The plaintiff was engaged in selling and shipping fruit. The Fruit Co. had turned over to the Express Co. six carloads of peaches, to be shipped and delivered to certain consignees. The Express Co. agreed to deliver the fruit within a reasonable length of time. A judgment was rendered for the plaintiff in the sum of $4,242.91. In affirming the judgment of the lower court, the U. S. Circut Court of Appeals held:

1. The fact that Fruit Co., before making a shipment of fruit by the Express Co. had sold the same to the consignees f. o. b. place of shipment, held not to defeat its right to maintain an action for damages for negligent delay in transportation, causing damage to the fruit, where because of such damage the consignees refused to accept it, the Fruit Co. released them from their contracts, and the fruit was sold for its account.

2. Instructions submitting to the jury the question whether a shipment of peaches was delivered to Express Co. as express matter, to be carried in the express service, and instructing them that, if they so found, it was required to carry and deliver them within the usual and customary time of express service, held correct.

Attorneys—Donald Melhorn, for Express Co.; Geo. A. True, for Island & G. Fruit Co.